UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
LUIS LUCERO, JOAQUIN COLIN, and JOSE ARGUETA,
individually and on behalf of all others similarly situated,

                                                          CIVIL ACTION NO.

                      Plaintiffs,

                                                          COMPLAINT

           -against-

SHAKER CONTRACTORS, CORP. and SHER GUL,

                      Defendants.
-----------------------------------------------------------------------------X

      Plaintiffs Luis Lucero, Joaquin Colin, and Jose Argueta (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys, Katz Melinger PLLC, complaining of the defendants, Shaker Contractors, Corp. ("Shaker Contractors") and Sher Gul (collectively, "Defendants"), respectfully allege as follows:

## I. Nature of Action, Jurisdiction, and Venue

      1.     This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL").

      2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

      3.     This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiffs' federal claims as to form the same case or controversy under Article III of the United States Constitution.

      4.     Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and

Defendants conduct business through their employees, including Plaintiffs, within this judicial district.

## II. Parties

5. Plaintiffs are individual residing in the State of New York.

6. At all relevant times, Plaintiffs were employed by Defendants.

7. While employed with Defendants, Plaintiffs were regularly engaged in interstate commerce and/or in the production of goods for commerce.

8. Defendant Shaker Contractors is a domestic corporation with its principal place of business located at 245 Throgs Neck Boulevard, Bronx, New York 10465.

9. Shaker Contractors is a contractor that provides residential and commercial construction services in the greater New York area.

10. Defendant Gul is an individual residing, upon information and belief, in the State of New York.

11. At all relevant times, Gul was, and still is, an officer, director, shareholder, and/or person in control of Shaker Contractors who exercises significant control over Shaker Contractors' operations and has the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

12. At all relevant times, Defendants were responsible for setting Plaintiffs' schedules and day-to-day activities, and for supervising their performance.

13. At all relevant times, Defendants had the power to discipline and terminate Plaintiffs.

14. At all relevant times, Defendants were responsible for compensating Plaintiffs.

15. Defendants are joint employers who jointly managed, supervised, hired, fired, and controlled Plaintiffs' compensation, and are jointly and severally liable in this matter.

16. Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of $500,000.00 per year.

17. Defendants are covered employers within the meaning of the FLSA and NYLL and, at all relevant times, employed Plaintiffs.

18. Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

19. The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiffs on behalf of themselves and similarly situated persons who were employed since the date six (6) years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

20. The FLSA Collective Plaintiffs consist of no less than thirty (30) similarly situated current and former employees of Defendants who worked as construction workers and who have been victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

21. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees the applicable overtime wages for all time worked in excess of forty (40) hours per week.

22. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

23.     Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiffs and the FLSA Collective Plaintiffs.

24.     The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### IV. Factual Allegations

25.     Plaintiffs worked for Defendants as construction workers for various amounts of time between in or around 2003 and in or around January 2021.

26.     As construction workers, Plaintiffs' primary job duties included assembling scaffolding, laying brick, painting, roofing, and concrete work.

<u>Luis Lucero</u>

27.     Plaintiff Lucero worked for Defendants from in or around November 2003 until on or around June 3, 2019.

28.     Throughout his employment, Lucero regularly worked Mondays through Saturdays from approximately 8:00 a.m. until 5:00 p.m. each day, with a daily one (1) hour lunch break, for a total of approximately forty-eight (48) hours per week.

29.     However, approximately two (2) to three (3) days per week, Lucero was only permitted to take ten (10) to fifteen (15) minutes for his lunch break, bringing his total hours worked to approximately fifty (50) hours per week.

30.     Throughout his employment, Lucero was compensated at a fixed daily rate regardless of the number of hours worked per week.

31. When Lucero began working for Defendants in or around 2003, he was paid $55.00 per day.

32. Each year during Lucero's employment, Defendants increased Lucero's rate of pay by roughly $5.00 to $10.00 per day until it reached $170.00 per day in or around January 2019.

### Joaquin Colin

33. Plaintiff Colin was employed by Defendants from in or around October 2015 until in or around October 2020.

34. From the start of his employment until in or around April 2017, Colin regularly worked seven (7) days per week from approximately 8:00 a.m. until 5:00 p.m. each day, with a daily one (1) hour lunch break, for a total of approximately fifty-six (56) hours per week.

35. However, during this period, approximately two (2) to three (3) days per week Colin was only permitted to take ten (10) to fifteen (15) minutes for his lunch break, bringing his total hours worked to approximately fifty-eight (58) hours per week.

36. From in or around May 2017 until the end of his employment, Colin worked the same daily schedule but was reduced to six (6) days per week, for a total of approximately fifty (50) hours per week.

37. However, approximately one (1) Sunday per month, Colin was required to work his normal schedule, from approximately 8:00 a.m. until 5:00 p.m. with a one (1) hour lunch break, bringing his weekly total to fifty-eight (58) hours of work during such weeks.

38. Throughout his employment, Colin was compensated at a fixed daily rate regardless of the number of hours worked per week.

39. From in or around October 2015 until in or around March 2019, Colin was paid $200.00 per day.

40. In or around April 2019, Defendants increased Colin's rate of pay to $210.00 per day.

Jose Argueta

41. Plaintiff Argueta was employed by Defendants from in or around September 2007 until in or around February 2020 and again from in or around March 2020 until on or around January 10, 2021.

42. Throughout his employment, Argueta regularly worked seven (7) days per week from approximately 8:00 a.m. until 5:00 p.m. each day, with a daily one (1) hour lunch break, for a total of approximately fifty-six (56) hours per week.

43. However, throughout his employment, approximately two (2) to three (3) days per week, Argueta was only permitted to take ten (10) to fifteen (15) minutes for his lunch break, bringing his total hours worked to approximately fifty-eight (58) hours per week.

44. In addition, throughout his employment, approximately four (4) days per week, Argueta was required to stay late on worksites to guard the freshly laid concrete until it dried. On such days, Argueta typically stayed until approximately 10:00 p.m., bringing his total hours worked to approximately seventy-eight (78) hours per week.

45. Throughout his employment, Argueta was compensated at a fixed daily rate regardless of the number of hours worked per week.

46. When Argueta began working for Defendants in or around September 2007, he was paid $70.00 per day.

47. Each year during Argueta's employment, Defendants increased Argueta's rate of pay by roughly $5.00 to $10.00 per day until it reached $170.00 per day in or around January 2019.

6

48. Throughout his employment, Argueta was also paid a fixed additional weekly payment of approximately $40.00 as compensation for the late hours he was required to work guarding the drying concrete.

### Claims Common to All Plaintiffs

49. While employed with Defendants, Plaintiffs were non-exempt employees pursuant to the FLSA and the NYLL and were entitled to minimum wages, spread of hours pay, and overtime compensation.

50. However, despite routinely working more than forty (40) hours per week, Plaintiffs were not paid overtime compensation of one and one-half (1.5) times their regular hourly rates of pay or the applicable minimum wage, whichever is greater, for the hours they worked over forty (40) per week.

51. Furthermore, throughout his employment, Argueta was not paid at least the applicable New York State minimum wage rate for all hours worked.

52. Argueta also frequently worked shifts that spanned more than ten (10) hours per day but was not paid spread of hours pay of one (1) additional hour's pay at the full minimum wage rate for every day in which his shift exceeded ten (10) hours ("spread of hours pay").

53. In addition, Defendants failed to furnish to Plaintiffs, at the time they were hired or at any time thereafter, a notice containing their rates of pay, the designated payday, or other information required by NYLL § 195(1).

54. Finally, Plaintiffs did not receive from Defendants, with each wage payment, statements listing their regular and overtime rates of pay, the number of regular and overtime hours worked, gross wages, deductions, and anything otherwise required by NYLL § 195(3).

55. Defendants violated federal and state law by willfully failing to pay Plaintiffs and similarly situated employees overtime compensation; by failing to pay Argueta the applicable minimum and spread of hours wages owed to him; and by failing to provide Plaintiffs with statutory payroll notices and wage statements.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFFS, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS
*(Overtime Violations Under the FLSA)*

56. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, repeat and reallege all prior allegations set forth above.

57. Pursuant to the applicable provisions of the FLSA, Plaintiffs and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rates of pay or the applicable minimum wage rate, whichever is greater, for all hours worked in excess of forty (40) hours per week.

58. Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

59. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rates of pay or the applicable minimum wage rate, whichever is greater, for each hour worked in excess of forty (40) hours in a workweek.

60. As a result of Defendants' violations of the law and failure to pay Plaintiffs and the FLSA Collective Plaintiffs the required overtime wages, Plaintiffs and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

61. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiffs and the FLSA Collective Plaintiffs are entitled to additional damages equal to one hundred percent (100%) of the total wages due to them ("liquidated damages").

62. Judgment should be entered in favor of Plaintiffs and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## **AS AND FOR A SECOND CAUSE OF ACTION**
*(Overtime Violations Under the NYLL)*

63. Plaintiffs repeat and reallege all prior allegations set forth above.

64. Pursuant to the applicable provisions of the NYLL, Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rates of pay or the applicable minimum wage rate, whichever is greater, for all hours worked in excess of forty (40) hours per week.

65. Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

66. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rates of pay or the applicable minimum wage rate, whichever is greater, for each hour worked in excess of forty (40) hours in a workweek.

67. As a result of Defendants' violations of the law and failure to pay Plaintiffs the required overtime wages, Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

68. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiffs are entitled to liquidated damages.

69. Judgment should be entered in favor of Plaintiffs and against Defendants on the Second Cause of Action in the amount of Plaintiffs' unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF ARGUETA
*(Minimum Wage Violations under the NYLL)*

70. Plaintiffs repeat and reallege all prior allegations set forth above.

71. Pursuant to the applicable provisions of the NYLL, Plaintiffs were entitled to receive at least the statutory minimum wage for all hours worked.

72. Throughout the relevant period, Defendants knowingly failed to pay Plaintiff Argueta at least the statutory minimum wages for the hours they worked.

73. As a result of Defendants' violations of the law and failure to pay Argueta the required minimum wages, Argueta has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

74. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Argueta is entitled to liquidated damages.

75. Judgment should be entered in favor of Arguta and against Defendants on the Third Cause of Action in the amount of Argueta's unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF ARGUETA
*(Spread of Hours Violations Under the NYLL)*

76. Plaintiffs repeat and reallege all prior allegations.

77. Argueta regularly worked shifts that spanned more than ten (10) hours per day.

78. Defendants willfully failed to pay Argueta additional compensation of one (1) hour's pay at the basic minimum hourly wage rate for each day during which Argueta's shifts spanned more than ten (10) hours.

79. By failing to pay Argueta spread of hours pay, Defendants willfully violated NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

80. Judgment should be entered in favor of Argueta and against Defendants on the Fourth Cause of Action in the amount of Plaintiffs' unpaid spread of hours wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FIFTH CAUSE OF ACTION
*(Failure to Provide Payroll Notices Under the NYLL)*

81. Plaintiffs repeat and reallege all prior allegations.

82. Defendants failed to furnish to Plaintiffs, at their time of hire or at any time thereafter, notices containing their rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; their regular pay day designated by the employer; and other information required by NYLL § 195(1).

83. As Defendants failed to provide Plaintiffs with payroll notices as required by NYLL § 195(1), Plaintiffs are entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

84.     Judgment should be entered in favor of Plaintiffs and against Defendants on the Fifth Cause of Action in the amount of $5,000.00 each, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### **AS AND FOR A SIXTH CAUSE OF ACTION**
*(Failure to Provide Wage Statements Under the NYLL)*

85.     Plaintiffs repeat and reallege all prior allegations.

86.     Throughout the relevant time period, Defendants failed to furnish to Plaintiffs, with each wage payment, a statement listing: their regular and overtime rates of pay and basis thereof; the number of regular and overtime hours they worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

87.     As Defendants failed to provide Plaintiffs with wage statements as required by NYLL § 195(3), Plaintiffs are entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

88.     Judgment should be entered in favor of Plaintiffs and against Defendants on the Sixth Cause of Action in the amount of $5,000.00 each, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### **AS AND FOR A SEVENTH CAUSE OF ACTION**
*(Failure to Timely Pay Wages under the NYLL)*

89.     Plaintiffs repeat and reallege all prior allegations set forth above.

90.     Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiffs were entitled to be paid their earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

91.     During the relevant time period, Defendants routinely failed to pay Plaintiffs all of their earned wages in accordance with the agreed-upon terms of employment.

92. During the relevant time period, Defendants failed to timely pay Plaintiffs all their earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

93. Throughout the relevant time period, Defendants failed to pay Plaintiffs all wages earned by Plaintiffs, including minimum, overtime, and spread of hours wages earned.

94. As a result of Defendants' violations of the law and failure to pay Plaintiffs in accordance with NYLL § 191(1)(a)(i), Plaintiffs have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

95. Judgment should be entered in favor of Plaintiffs and against Defendants on the Seventh Cause of Action for all wages due, liquidated damages, all reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE** Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, pray for relief as follows:

a) on the First Cause of Action for all overtime wages due to Plaintiffs and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due to Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action on behalf of Argueta for all minimum wages due to Argueta, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action on behalf of Argueta for all spread of hours wages due to Argueta, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00 each, along with reasonable attorneys' fees in an amount to be determined by this Court;

f) on the Sixth Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00 each, along with reasonable attorney's fees in an amount to be determined by this Court;

g) on the Seventh Cause of Action for all wages due to Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

h) Interest;

i) Costs and disbursements; and

j) Such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 22, 2021

/s/ Adam Sackowitz
Adam Sackowitz
Katz Melinger PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
Telephone: (212) 460-0047
Facsimile: (212) 428-6811
ajsackowitz@katzmelinger.com
*Attorneys for Plaintiffs*