UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
LUIS LUCERO, JOAQUIN COLIN, and JOSE ARGUETA,
individually and on behalf of all others similarly situated,

                                         Plaintiffs,

-against-

SHAKER CONTRACTORS, CORP. and SHER GUL,

                                         Defendants.
-------------------------------------------------------------------------------X

Civil Action No.
1:21-cv-08675-LGS


## PLAINTIFFS' INQUEST MEMORANDUM OF LAW


Attorneys for Plaintiffs

KATZ MELINGER PLLC
Adam Sackowitz
370 Lexington Avenue, Suite 1512
New York, New York 10017
Telephone: (212) 460-0047
Facsimile:  (212) 428-6811

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS .................................................................................................... 1

DISCUSSION ....................................................................................................................... 4

    POINT I. PLAINTIFFS ARE ENTITLED TO DAMAGES UNDER THE FLSA AND
    NYLL ............................................................................................................................... 4

        A.    Defendants Are Subject to a Three Year Statute of Limitations Under the
             FLSA and a Six Year Statute of Limitations Under the NYLL ....................................... 4

        B.    Plaintiffs Are Entitled to Unpaid Overtime Wages Under the FLSA and NYLL ............ 4

        C.    Plaintiffs Are Entitled to Damages for Defendants' Failure to Timely Pay Wages ........ 5

        D.    Argueta Is Entitled to Unpaid Spread of Hours Wages Under the NYLL ...................... 5

        E.    Plaintiffs are Entitled to Liquidated Damages Under the FLSA and NYLL .................. 6

        F.    Plaintiffs are Entitled to Liquidated Damages for Defendants' Failure to
             Provide Payroll Notices and Wage Statements ................................................................. 6

        G.    Plaintiffs are Entitled to Prejudgment Interest ................................................................ 7

        H.    Plaintiffs are Entitled to Costs and Reasonable Attorneys' Fees .................................... 8

        I.    The Judgment Should Include a Provision Increasing the Amount of the
             Judgment by 15% Should Defendants Fail to Timely Satisfy the Judgment .................. 9

    POINT II.  PLAINTIFFS' RECOLLECTIONS AS TO THE NUMBER OF HOURS
               THEY WORKED ARE SUFFICIENT TO ESTABLISH THEIR DAMAGES... 10

    POINT III.  PLAINTIFFS' DAMAGES CALCULATIONS ................................................. 11

        A.    Luis Lucero's Damages ................................................................................................... 11

        B.    Joaquin Colin's Damages ................................................................................................ 13

        C.    Jose Argueta's Damages ................................................................................................. 14

        D.    Attorneys' Fees and Costs ............................................................................................... 16

CONCLUSION ..................................................................................................................... 17

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Mt. Clemens Pottery Co.*, 348 U.S. 680 (1946) ........................................................ 10

*Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132 (2d Cir. 2008) ........................ 6

*Canelas v. World Pizza, Inc.*, 2017 WL 1233998  (S.D.N.Y. Mar. 31, 2017) ............................ 11

*Cisneros-Calderon v. Salinas Enterprises, LLC*,
  2016 WL 11483853 (S.D.N.Y. Sept. 14, 2016), report and recommendation adopted as
  modified, 2016 WL 6651383 (S.D.N.Y. Nov. 10, 2016) ......................................................... 10

*Clark v. New York City Health & Hosps. Corp.*,
  2011 WL 10563693 (S.D.N.Y. Aug. 24, 2011)........................................................................ 8

*Clover v. Shiva Realty of Mulberry, Inc.*,
  2011 U.S. Dist. LEXIS 51697 (S.D.N.Y. May 13, 2011) ....................................................... 8

*Fermin v. Las Delicias Peruanas Restaurant, Inc.*, 93 F.Supp.3d 19 (E.D.N.Y. 2015)............... 7

*Galicia v. 63-68 Diner Corp.*, 2015 WL 1469279 (E.D.N.Y. Mar. 30, 2015) ............................ 10

*Gamero v. Koodo Sushi Corp.*,
  272 F. Supp. 3d 481 (S.D.N.Y. 2017), aff'd, 752 F. App'x 33 (2d Cir. 2018) ......................... 11

*Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5 (S.D.N.Y. 2015)................................................ 8

*Guadalupe v. Tri-State Emp., Mgmt. & Consulting, Inc.*,
  2013 WL 4547242 (E.D.N.Y. Aug. 28, 2013) ......................................................................... 5

*Guallpa v. NY Pro Signs Inc.*,
  2014 U.S. Dist. LEXIS 77033 (S.D.N.Y. May 27, 2014), *adopted by,*
  *Guallpa v. NY Pro Signs Inc.*, 2014 U.S. Dist. LEXIS 116671 (S.D.N.Y.  Aug. 18, 2014) ....... 8

*Harold Levinson Assocs. v. Chao*, 37 Fed. Appx. 19 (2d Cir. 2002)........................................... 10

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) .................................................................................... 9

*Herman v. RSR Sec. Servs.*, 172 F.3d 132 (2d Cir. 1999).............................................................. 6

*Kuebel v. Black & Decker Inc.*, 643 F.3d 352 (2d Cir. 2011)...................................................... 10

*Maldonado v. La Nueva Rampa, Inc.*,
  2012 U.S. Dist. LEXIS 67058 (S.D.N.Y. May 14, 2012) ....................................................... 9

*New York State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136 (2d Cir. 1983). ............... 9

*Pineda v. Masonry Const., Inc.*, 831 F. Supp. 2d 666 (S.D.N.Y. 2011)........................................ 4

*Ramirez v. Lin,* 830 F. App'x 672 (2d Cir. 2020) .......................................................................... 6

*Reich v. S. New Eng. Telecoms. Corp.*, 121 F.3d 58 (2d Cir. 1997).............................................. 10

*Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253 (2d Cir. 1999) ................................................... 8

*Saucedo v. On the Spot Audio Corp.*,
  2016 WL 8376837 (E.D.N.Y. Dec. 21, 2016), *report and recommendation adopted*,
  2017 WL 780799 (E.D.N.Y. Feb. 28, 2017), *vacated sub nom.*,
  *Saucedo v. On the Spot Audio Corp.*, 2018 WL 4347791 (E.D.N.Y. Jan. 23, 2018)................. 8

*Valle v. Gordon Chen's Kitchen LLC*, 254 F. Supp. 3d 665 (S.D.N.Y. 2017) ............................. 5

*Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144 (1st Dep't 2019) ......................... 5

**Statutes**

29 U.S.C. § 207(a)(1).......................................................................................................................... 4

29 U.S.C. § 216(b) .......................................................................................................................... 6, 8

29 U.S.C. § 255(a) .............................................................................................................................. 4

29 U.S.C. § 260................................................................................................................................... 6

C.P.L.R. §5004.................................................................................................................................... 7

CPLR § 5001 ................................................................................................................. 7
NYLL § 160 ................................................................................................................. 4
NYLL § 191(1)(a) ........................................................................................................ 5
NYLL § 195(1) ............................................................................................................ 6
NYLL § 195(3) ............................................................................................................ 7
NYLL § 196–a ............................................................................................................ 11
NYLL § 198(1-b) ........................................................................................................ 7
NYLL § 198(1-d) ........................................................................................................ 7
NYLL § 198(4) ............................................................................................................ 9
NYLL § 663(1) ..................................................................................................... 4, 6, 8
NYLL § 663(3) ............................................................................................................ 4

**Regulations**
12 N.Y.C.R.R. § 142-2.18 .......................................................................................... 5
12 N.Y.C.R.R. § 142-2.2 ............................................................................................ 4

**PRELIMINARY STATEMENT**

Plaintiffs Luis Lucero, Joaquin Colin, and Jose Argueta (collectively, "Plaintiffs") brought claims against their former employers, defendants Shaker Contractors, Corp. ("Shaker Contractors") and Sher Gul (collectively, "Defendants"), alleging failure to pay overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") (First Cause of Action) and the New York Labor Law ("NYLL") (Second Cause of Action); failure to pay minimum wages under the NYLL (Third Cause of Action); failure to pay spread of hours wages under the NYLL (Fourth Cause of Action); failure to provide proper payroll notices and wage statements under the NYLL (Fifth and Sixth Causes of Action, respectively); and failure to timely pay wages under the NYLL (Seventh Cause of Action); and seeking all costs, disbursements, interest, and attorneys' fees incurred in connection with this action.

Defendants failed to respond to Plaintiffs' complaint or otherwise appear in this action. As a result, on February 7, 2022, the Court granted a default judgment in favor of Plaintiffs and against Defendants as to Defendants' liability for the aforementioned claims and referred this matter for an inquest on damages. Dkt. No. 25. As liability has already been determined, this memorandum of law will focus primarily on the issue of damages.

**STATEMENT OF FACTS**

Plaintiffs were employed by Defendants as construction workers. Complaint ¶ 25; Declaration of Luis Lucero in Support of Plaintiffs' Motion for a Default Judgment, Dkt. No. 17-1 ("Lucero Decl.") ¶ 7; Declaration of Joaquin Colin in Support of Plaintiffs' Motion for a Default Judgment, Dkt. No. 17-2 ("Colin Decl.") ¶ 7; Declaration of Jose Argueta in Support of Plaintiffs'

Motion for a Default Judgment, Dkt. No. 17-3 ("Argueta Decl.") ¶ 7.[1] As construction workers, Plaintiffs' primary job duties included included assembling scaffolding, mixing cement, demolition, installing wood frames, installing roofs, laying bricks, and performing other general construction work at several different job sites. Complaint ¶ 26; Lucero Decl. ¶ 8; Colin Decl. ¶ 8; Argueta Decl. ¶ 8.

Lucero was employed by Defendants from in or around November 2003 until on or around June 3, 2019. Complaint ¶ 27; Lucero ¶ 7. Lucero typically worked six (6) days per week for approximately fifty (50) hours per week. Complaint ¶¶ 28-29; Lucero Decl. ¶¶ 10-11. Defendants paid Lucero a fixed daily rate which began at $55.00 per day and increased over the course of his employment until it reached $170.00 per day in or around January 2019. Complaint ¶¶ 30-32; Lucero Decl. ¶¶ 14-16.

Colin was employed by Defendants from in or around October 2015 until in or around October 2020. Complaint ¶ 33; Colin ¶ 7. From the start of his employemtn until in or around April 2017, Colin typically worked seven (7) days per week for a total of approximately fifty-eight (58) hours per week. Complaint ¶¶ 34-35; Colin Decl. ¶¶ 10-11. For the remainder of his employment, Colin typically worked six (6) days per week for a total of approximately fifty (50) hours per week, but approximately one (1) week per month Colin worked seven (7) days for a total of fifty-eight (58) hours per week. Complaint ¶¶ 36-37; Colin Decl. ¶¶ 12-13. Defendants paid Colin a fixed daily rate of $200.00, which increased to $210.00 in or around April 2019. Complaint ¶¶ 38-40; Colin Decl. ¶¶ 16-18.

---

[1] As Plaintiffs' allegations remain unchanged since Plaintiffs filed their motion for default judgment, Plaintiffs refer the Court to the declarations submitted by Plaintiffs in support of their motion for a default judgment (Dkt. Nos. 17-1, 17-2, and 17-3) as the factual support for the damages Plaintiffs seek in this inquest.

Argueta was employed by Defendants from in or around September 2007 until in or around February 2020, and again from in or around March 2020 until on or around January 10, 2021. Complaint ¶ 41; Argueta ¶ 7. Argueta typically worked seven (7) days per week for a total of seventy-eight (78) hours per week, including an additional twenty (20) hours Argueta worked each week beyond his regular schedule guarding freshly laid concrete at night. Complaint ¶¶ 42-44; Argueta Decl. ¶¶ 10-12. Defendants paid Argueta a fixed daily rate which began at $70.00 per day and increased over the course of his employment until it reached $170.00 per day in or around January 2019. Complaint ¶ 47; Argueta Decl. ¶¶ 15-17. Argueta also received an additional $40.00 per week as compensation for the extra hours he worked guarding drying concrete at night. Complaint ¶ 48; Argueta Decl. ¶ 18. Argueta routinely worked shifts that spanned more than ten (10) hours per but did not receive spread of hours pay on such days. Argueta Decl. ¶¶ 25-26.

Defendants failed to timely pay Plaintiffs their weekly wages on numerous occasions, and still owe Plaintiffs wages that they never received because the checks Defendants issued to Plaintiffs bounced: $4,000.00 for Lucero, $5,900.00 for Colin, and $4,300.00 for Argueta. Lucero Decl. ¶¶ 18-20; Colin Decl. ¶¶ 19-21; Argueta Decl. ¶¶ 19-21. Defendants did not track or record the hours that Plaintiffs worked during their employment. Lucero Decl. ¶ 13; Colin Decl. ¶ 15; Argueta Decl. ¶ 14. Defendants did not provide Plaintiffs, at the time of their respective hires or at any time thereafter, a notice containing, among other things, their rates of pay, designated pay day, and the name, address, and telephone number for Shaker Contractors. Complaint ¶ 53; Lucero Decl. ¶ 24; Colin Decl. ¶ 25; and Argueta Decl. ¶ 27. Defendants also failed to provide Plaintiffs, with each wage payment, statements listing, among other things, Plaintiffs' regular and overtime rates of pay, the number of regular and overtime hours Plaintiffs worked, Plaintiffs' gross wages,

and any deductions from Plaintiffs' wages. Complaint ¶ 54; Lucero Decl. ¶ 25; Colin Decl. ¶ 26;

and Argueta Decl. ¶ 28.

**DISCUSSION**

**POINT I. PLAINTIFFS ARE ENTITLED TO DAMAGES UNDER THE FLSA AND NYLL**

    A.  <u>Defendants Are Subject to a Three Year Statute of Limitations Under the FLSA and a Six Year Statute of Limitations Under the NYLL</u>

        Under the FLSA, employees must raise claims for unpaid overtime within two years of a

non-willful violation, or within three years of a willful violation. 29 U.S.C. § 255(a). "Claims

brought pursuant to the NYLL are subject to a six-year statute of limitations. *See Pineda v.*

*Masonry Const., Inc*., 831 F. Supp. 2d 666, 674 (S.D.N.Y. 2011)  (citing NYLL §§ 663(1), (3)).

Plaintiffs assert that Defendants' violations of the FLSA were willful and support their allegations

with well-pleaded facts. Thus, Plaintiffs aver tha Defendants are subject to a three-year statute of

limitations under the FLSA. However, whether or not a finding of willfulness is made, Defendants

are undoubtedly subject to a six-year statute of limitations under the NYLL.  As Plaintiffs' FLSA

claims overlap with their NYLL claims, Plaintiffs are entitled damages on all of their claims from

October 22, 2015, the date six (6) years prior to the filing of the Complaint in this action.[2]

    B.  <u>Plaintiffs Are Entitled to Unpaid Overtime Wages Under the FLSA and NYLL</u>

        Under both the FLSA and the NYLL, employees are entitled to overtime compensation

equal to one and one-half times their regular hourly rate of pay for all hours worked in excess of

forty (40) per week. 29 U.S.C. § 207(a)(1); NYLL § 160; 12 N.Y.C.R.R. § 142-2.2. Although

Plaintiffs worked more than forty (40) hours each week they worked for Defendants, Plaintiffs

were paid a fixed daily wage regardless of the number of hours they worked, in violation of the

---

[2] Plaintiffs' Motion for Default Judgment inadvertently calculated Plaintiffs' damages from June 10, 2015. Plaintiffs' claims period has been corrected in this submission.

FLSA and NYLL. As a result, Plaintiffs are entitled to recover from Defendants all unpaid overtime wages owed to them by Defendants for the hours they worked in excess of forty (40) each week during their respective claims periods.

C.   Plaintiffs Are Entitled to Damages for Defendants' Failure to Timely Pay Wages

NYLL § 191(1)(a) requires that manual workers be paid on a weekly basis. Even if all other payments were correct, the failure to pay employees on a weekly basis is a violation of the NYLL and liquidated damages under NYLL § 198 apply. *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144 (1st Dep't 2019).

Defendants failed to pay Plaintiffs all of their wages in a timely manner; namely, Defendants bounced checks that consisted of Plaintiffs' wages and therefore failed to pay Plaintiffs their earned wages in violation of NYLL § 191(1)(a).

D.   Argueta Is Entitled to Unpaid Spread of Hours Wages Under the NYLL

"New York law requires, separate from any unpaid minimum wage or overtime award, that 'an employee whose workday is longer than ten hours must receive one hour's pay at the basic minimum hourly wage rate.'" *Valle v. Gordon Chen's Kitchen LLC*, 254 F. Supp. 3d 665, 675 (S.D.N.Y. 2017) (citations omitted); 12 N.Y.C.R.R. § 142-2.4. The time considered is "the interval between the beginning and end of an employee's workday. 12 N.Y.C.R.R. § 142-2.18. However, employees who are paid in excess of the minimum wage rate are typically not entitled to spread of hours wages. *See Guadalupe v. Tri-State Emp., Mgmt. & Consulting, Inc.*, 2013 WL 4547242, at *12-13 (E.D.N.Y. Aug. 28, 2013).

Argueta worked a spread of hours that exceeded ten (10) hours four (4) days per week, and was paid below the applicable minimum wage rate beginning in January 2019. Therefore, Argueta is owed damages for unpaid spread of hours wages from January 2019 until the end of his

employment.

   E.   Plaintiffs are Entitled to Liquidated Damages Under the FLSA and NYLL

       Under both the FLSA and NYLL, employees who prevail in claims for unpaid wages are

entitled to recover liquidated damages equal to 100% of their unpaid wages. 29 U.S.C. § 216(b);

NYLL § 663(1). Under either statute, liquidated damages may only be denied if the employer

meets its burden of showing that its violations were made in good faith and that it had reasonable

grounds for believing its actions were not in violation of the statute. 29 U.S.C. § 260; *Herman v.*

*RSR Sec. Servs.*, 172 F.3d 132, 142 (2d Cir. 1999) (noting that double damages are the norm and

single damages are the exception due to the difficultly employers face in meeting their burden);

*Ramirez v. Lin,* 830 F. App'x 672, 674 (2d Cir. 2020) (noting that "what constitutes a 'good faith

basis' under the NYLL" has been interpreted in accordance with the FLSA's liquidated damages

provision"). "To establish the requisite subjective 'good faith,' an employer must show that it took

'active steps to ascertain the dictates of the FLSA and then act to comply with them.'" *Barfield v.*

*New York City Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008) (*citing Herman*, 172 F.3d

at 142).

       By defaulting, Defendants have necessarily failed to meet their burden to prove that their

violations of the FLSA and NYLL were made in good faith. Thus, Plaintiffs are entitled to

liquidated damages equal to 100% of their unpaid wages.

   F.   Plaintiffs are Entitled to Liquidated Damages for Defendants' Failure to Provide Payroll
        Notices and Wage Statements

       NYLL §195(1) requires employers to provide employees, at the time of hiring, with notice

of, *inter alia*, the rates of pay and basis thereof, regular pay day, and the name, address, and

telephone number of the employer. NYLL § 195(1). The notice for employees who are not exempt

from overtime wages must also state "the regular hourly rate and overtime rate of pay." *Id.*

Employees who do not receive notice at the time of hiring may recover $50.00 in damages per workday in which the violation occurred, up to a maximum of $5,000.00. NYLL § 198(1-b).

NYLL §195(3) requires employers to provide employees, with each wage payment, a statement listing, *inter alia*, the employee's rate of pay, deductions, allowances, hours of employment, and overtime pay. NYLL § 195(3). Employees who do not receive regular and accurate wage statements are entitled to recover statutory damages of $250.00 per workday in which the violation occurred, up to a maximum of $5,000.00. NYLL § 198(1-d).

Defendants did not provide Plaintiffs with payroll notices pursuant to NYLL § 195(1) or with wage statements as required under NYLL § 195(3). Based on the length of their respective employments with Defendants, Plaintiffs are each entitled to $10,000.00., the maximum amount of liquidated damages for Defendants' violations of NYLL §§ 195(1) and (3).

G.   Plaintiffs are Entitled to Prejudgment Interest

Pursuant to CPLR §§ 5001 and 5004, an employee who prevails in a claim under the NYLL is entitled to recover prejudgment interest on all compensatory damages at a rate of 9% per year. *Fermin v. Las Delicias Peruanas Restaurant, Inc.*, 93 F.Supp.3d 19, 49 (E.D.N.Y. 2015) ("Prejudgment interest is calculated [ ] on the unpaid wages due under the NYLL, not on the liquidated damages awarded under the state law.") (citations omitted). Where the damages were incurred over an extended period of time, prejudgment interest is calculated from an intermediate date. CPLR § 5001; *Fermin*, 93 F.Supp.3d at 49. "The Second Circuit has held that, as liquidated damages and prejudgment interest are not functional equivalents under the NYLL, prevailing plaintiffs may recover both for claims brought under the NYLL." *Saucedo v. On the Spot Audio Corp.*, 2016 WL 8376837, at *16 (E.D.N.Y. Dec. 21, 2016), *report and recommendation adopted*, 2017 WL 780799 (E.D.N.Y. Feb. 28, 2017), *vacated sub nom.*, *Saucedo v. On the Spot Audio*

*Corp.*, 2018 WL 4347791 (E.D.N.Y. Jan. 23, 2018) (citing *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 265 (2d Cir. 1999)).

As Plaintiffs have prevailed in their claims under the NYLL, Plaintiffs are entitled to prejudgment interest on their damages for unpaid regular, overtime, and spread of hours wages at a rate of 9% per year calculated from the midpoint of their respective claims periods.

H.  Plaintiffs are Entitled to Costs and Reasonable Attorneys' Fees

As employees who prevailed in their claims pursuant to the FLSA and NYLL, Plaintiffs are entitled to recover from Defendants costs and reasonable attorneys' fees incurred in connection with this action. 29 U.S.C. § 216(b); NYLL § 663(1); *Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 14 (S.D.N.Y. 2015). An award of attorneys' fees under the FLSA are mandatory. *Clark v. New York City Health & Hosps. Corp.*, 2011 WL 10563693, at *4 (S.D.N.Y. Aug. 24, 2011).

As detailed in Plaintiffs' Motion for Default Judgment, as well as the Proposed Findings of Fact and Conclusions of Law submitted herewith, Plaintiffs' counsel are seasoned employment attorneys with significant experience representing plaintiffs in disputes under federal and state wage and hour laws. Plaintiffs' counsel's hourly rates – $325.00 and $375.00 per hour for associates and $500.00 for the partner – are commensurate with their experience and are in line with hourly rates that have been approved by courts in this district. *See, e.g., Guallpa v. NY Pro Signs Inc.*, 2014 U.S. Dist. LEXIS 77033 (S.D.N.Y. May 27, 2014), *adopted by, Guallpa v. NY Pro Signs Inc.*, 2014 U.S. Dist. LEXIS 116671 (S.D.N.Y.  Aug. 18, 2014) (awarding $400.00 per hour to a partner with eight years of experience; $600.00 per hour to a partner with nineteen years of experience; $550.00 per hour to a partner with eight years of experience; and $375.00 per hour for co-counsel with seven years of experience); *Clover v. Shiva Realty of Mulberry, Inc.,* 2011 U.S. Dist. LEXIS 51697 (S.D.N.Y. May 13, 2011) (awarding $500.00 per hour to partner and

$300.00 per hour to associate in suit arising under the FLSA and NYLL); *Maldonado v. La Nueva Rampa, Inc*., 2012 U.S. Dist. LEXIS 67058, *46 (S.D.N.Y. May 14, 2012) (collecting cases and awarding $425.00 per hour to partner and $275.00 per hour to associate in suit arising under the FLSA and NYLL).

The Supreme Court has noted that an hourly fee will normally encompass "all hours reasonably expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). A party seeking fees bears the burden of supporting its claim of hours expended by accurate, detailed and contemporaneous time records. *See New York State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983).

Exhibit B contains accurate, detailed, and contemporaneous time records maintained by Plaintiffs' counsel. The records are sufficiently specific and detailed so that the Court can determine the nature of the work performed in the successful prosecution of this case. Plaintiffs aver that the hourly rates of and time spent on this matter by their attorneys are reasonable, and therefore the Court should award Plaintiffs reasonable attorneys' fees in the amounts set forth in Exhibit B.

I.   The Judgment Should Include a Provision Increasing the Amount of the Judgment by 15% Should Defendants Fail to Timely Satisfy the Judgment

The NYLL requires that "[a]ny judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." NYLL § 198(4). Accordingly, any judgment entered in favor of Plaintiffs should contain the above provision increasing the amount of the judgment by 15% should the judgment remain unsatisfied. *Galicia v. 63-68 Diner Corp*., 2015 WL 1469279, at *8 (E.D.N.Y. Mar. 30,

2015); *Gamero*, 272 F.Supp.3d at 516.

## POINT II.  PLAINTIFFS' RECOLLECTIONS AS TO THE NUMBER OF HOURS THEY WORKED ARE SUFFICIENT TO ESTABLISH THEIR DAMAGES

To prevail in an action seeking unpaid overtime wages pursuant to the FLSA, an employee has the burden of showing that he performed work for which he was improperly compensated. *See Anderson v. Mt. Clemens Pottery Co.*, 348 U.S. 680, 686-87 (1946). However, "it is the employer's responsibility to maintain accurate records of an employee's hours." *Cisneros-Calderon v. Salinas Enterprises, LLC*, 2016 WL 11483853, at *3-4 (S.D.N.Y. Sept. 14, 2016), *report and recommendation adopted as modified*, 2016 WL 6651383 (S.D.N.Y. Nov. 10, 2016). If the employer does not keep records, an employee bringing claims under the FLSA can sustain his burden by giving the fact-finder "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson*, 348 U.S. at 686-87; *see also, Reich v. S. New Eng. Telecoms. Corp.*, 121 F.3d 58, 67-68 (2d Cir. 1997). "[An] employee's burden in this regard is not high. It is also well settled among the district courts of this Circuit, and we agree, that it is possible for a plaintiff to meet this burden through estimates based on his own recollection." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011) (internal citations omitted).

Upon such a showing by the employee, the burden under the FLSA shifts to the employer to produce sufficient evidence to rebut the employee's evidence. *Anderson*, 328 U.S. at 688; *Harold Levinson Assocs. v. Chao*, 37 Fed. Appx. 19, 20-21 (2d Cir. 2002) (internal citations omitted); *Elghourab*, 2019 WL 2431905, at *3 fn. 10 (finding that "[b]ecause defendant did not document plaintiff's hours, there is nothing in the record to prove how many hours Elghourab worked other than his own recollection and estimates.) The NYLL applies a similar standard as the FLSA, "[b]ut under the NYLL, an employer who fails to keep accurate records shoulders a more stringent burden of proof." *Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 498

(S.D.N.Y. 2017), *aff'd*, 752 F. App'x 33 (2d Cir. 2018) (noting that "NYLL § 196–a provides that where an employer fails to 'keep adequate records or provide statements of wages to employees as required' by the statute, the employer 'shall bear the burden of proving that the complaining employee was paid wages, benefits and wage supplements.'") (citation omitted); NYLL § 196–a. Where an employer fails to provide evidence to negate the reasonable inference of the employee's testimony of his work hours, "the court may then award damages to the employee, even though the result be only approximate." *Canelas v. World Pizza, Inc*., 2017 WL 1233998, at *9 (S.D.N.Y. Mar. 31, 2017) ("If an employer cannot satisfy its burden under the FLSA, it cannot satisfy the 'more demanding burden' of the NYLL.") (citations omitted).

In the well-pleaded Complaint, as well as the declarations submitted in support of Plaintiffs' Motion for a Default Judgment, Plaintiffs offered credible and sufficient evidence of the hours they worked during their employment with Defendants based on Plaintiffs' recollections. Absent any evidence to the contrary, the Court should accept Plaintiffs' testimonies as to the number of hours and days they worked each week in determining the amounts of damages to which Plaintiffs are entitled.

**POINT III.  PLAINTIFFS' DAMAGES CALCULATIONS**

Based on the foregoing, Plaintiffs are entitled to the following damages for Defendants' violations of the FLSA and NYLL.

A.  Luis Lucero's Damages

Lucero worked approximately fifty (50) hours per week throughout his employment with Defendants. Specifically, Lucero worked six (6) days per week from approximately 8:00 a.m. until 5:00 p.m. each day, with a daily one (1) hour lunch break, which totals approximately forty-eight (48) hours per week. However, approximately two (2) to three (3) days per week, Lucero was only

permitted to take ten (10) to fifteen (15) minutes for his lunch break, bringing his total hours worked to approximately fifty (50) hours per week. Defendants paid Lucero a fixed daily rate of $55.00 at the start of employment, which increased by $5.00 or $10.00 per year until reaching $170.00 in or around January 2019.

To calculate Lucero's damages, the first step is to determine his regular hourly rate of pay. As shown in Exhibit A, Lucero's regular hourly rate of pay is calculated by multiplying his daily wage by the number of days he worked each week to determine his total weekly compensation, which is then divided by the total number of hours Lucero worked each week to determine his regular hourly rate of pay. That figure is then multiplied by 1.5 to determine his overtime rate of pay.

As shown in Exhibit A, as Lucero's daily wage increased, his regular and overtime rates of pay increased proportionally. Lucero is owed unpaid overtime wages in the amount of $84.00 per week in 2015; $88.50 per week in 2016; $93.00 per week in 2017; $97.50 per week in 2018; and $102.00 per week in 2019. Between October 22, 2015 and June 3, 2019, Lucero is owed a total of $17,592.00 in unpaid overtime wages.

Lucero is also owed $4,000.00 in damages under NYLL § 191(1)(a)(i) based on Defendants' failure to pay Lucero any wages for a period of his employment.

Pursuant to NYLL § 663(1), Lucero is entitled to liquidated damages equal to 100% of his unpaid regular wages of $4,000.00 and unpaid overtime wages of $17,592.00, for a total of $21,592.00.

Pursuant to NYLL §§ 198(1-b) and (1-d), Lucero is entitled to liquidated damages of $10,000.00 for Defendants' violations of NYLL §§ 195(1) and (3), respectively.

Pursuant to CPLR § 5004, Lucero is entitled to pre-judgment interest on his damages for

unpaid regular and overtime wages at a rate of $5.32 per day from August 12, 2017 until the date on which a judgment is entered.

In total, Lucero is entitled to $17,592.00 in unpaid overtime wages; $4,000.00 in unpaid regular wages; $21,592.00 in liquidated damages; and $10,000.00 in payroll notice and wage statement penalties, for a total of $53,184.00, plus interest at a rate of $5.32 per day from August 12, 2017 until the date on which a judgment is entered.

B.   Joaquin Colin's Damages

Colin worked seven (7) days per week, for a total of approximately fifty-eight (58) hours per week, from the start of his employment until in or around April 2017. Specifically, Colin worked six (6) days per week from approximately 8:00 a.m. until 5:00 p.m. each day, with a daily one (1) hour lunch break, which totals approximately fifty-six (56) hours per week. However, approximately two (2) to three (3) days per week, Colin was only permitted to take ten (10) to fifteen (15) minutes for his lunch break, bringing his total hours worked to approximately fifty-eight (58) hours per week. For the remainder of his employment, Colin worked the same schedule but only worked six (6) days per week, for a total of approximately fifty (50) hours per week, except that Colin worked seven (7) days and fifty-eight (58) hours approximately one (1) week per month. Defendants paid Colin a fixed daily rate of $200.00 from the start his employment until in or around March 2019 and $210.00 for the remainder of his employment.

Under the same methodologies used to calculate Lucero's regular and overtime rates of pay damages in Point III.A, *supra*, Colin is owed unpaid overtime wages of $217.24 per week from October 22, 2015 through April 30, 2017; $138.46 per week from May 1, 2017 through March 31, 2019; and $145.38 per week from April 1, 2019 through October 31, 2020, for a total of $42,929.76 in unpaid overtime wages.

Colin is also owed $5,900.00 in damages under NYLL § 191(1)(a)(i) based on Defendants' failure to pay Colin any wages for a period of his employment.

Pursuant to NYLL § 663(1), Colin is entitled to liquidated damages equal to 100% of his unpaid regular wages of $5,900.00 and unpaid overtime wages of $42,929.76, for a total of $48,829.76.

Pursuant to NYLL §§ 198(1-b) and (1-d), Colin is entitled to liquidated damages of $10,000.00 for Defendants' violations of NYLL §§ 195(1) and (3), respectively.

Pursuant to CPLR § 5004, Colin is entitled to pre-judgment interest on his damages for unpaid regular and overtime wages at a rate of $12.04 per day from April 27, 2018 until the date on which a judgment is entered.

In total, Colin is entitled to $42,929.76 in unpaid overtime wages; $5,900.00 in unpaid regular wages; $48,829.76 in liquidated damages; and $10,000.00 in payroll notice and wage statement penalties, for a total of $107,659.52, plus interest at a rate of $12.04 per day from April 27, 2018 until the date on which a judgment is entered.

C. <u>Jose Argueta's Damages</u>

Argueta typically worked seven (7) days per week, from approximately 8:00 a.m. until 5:00 p.m. each day, with a daily one (1) hour lunch break, for a total of approximately fifty-six (56) hours per week. However, approximately two (2) to three (3) days per week, Argueta was only permitted to take ten (10) to fifteen (15) minutes for his lunch break, bringing his total hours worked to approximately fifty-eight (58) hours per week. Additionally, throughout his employment, Argueta was required to stay late four (4) days per week, until approximately 10:00 p.m., to guard freshly laid concrete until it dried, bringing his total weekly hours to approximately seventy-eight (78) per week. Defendants paid Argueta a fixed daily rate of $70.00 at the start of

employment, which increased by $5.00 or $10.00 per year until reaching $170.00 in or around January 2019.

Under the same methodologies used to calculate Lucero's and Colin's regular and overtime rates of pay damages in Points III.A and B, *supra*, Argueta is owed unpaid overtime wages in the amount of $248.46 per week in 2015; $261.25 per week in 2016; $274.04 per week in 2017; $286.83 per week in 2018; and $299.62 per week in 2019, 2020, and 2021. Between October 22, 2015 and January 10, 2021, Argueta is owed a total of $76,394.62 in unpaid overtime wages.

Argueta is also owed $4,300.00 in damages under NYLL § 191(1)(a)(i) based on Defendants' failure to pay Argueta any wages for a period of his employment.

Argueta is also owed spread of hours wages for four (4) days each week from January 1, 2019 until the end of his employment. As the applicable New York minimum wage rate was $15.00 per hour between January 1, 2019 and January 10, 2021, a perod of 105 weeks, Argueta is owed $6,240.00 in unpaid spread of hours wages.

Pursuant to NYLL § 663(1), Argueta is entitled to liquidated damages equal to 100% of his unpaid regular wages of $4,300.00, unpaid overtime wages of $76,394.62, and unpaid spread of hours wages of $6,240.00, for a total of $86,934.62.

Pursuant to NYLL §§ 198(1-b) and (1-d), Argueta is entitled to liquidated damages of $10,000.00 for Defendants' violations of NYLL §§ 195(1) and (3), respectively.

Pursuant to CPLR § 5004, Argueta is entitled to pre-judgment interest on his damages for unpaid regular, overtime, and spread of hours wages at a rate of $21.52 per day from June 1, 2018 until the date on which a judgment is entered.

In total, Argueta is entitled to $76,694.23 in unpaid overtime wages; $4,300.00 in unpaid regular wages; $6,240.00 in unpaid spread of hours wages; $86,934.62 in liquidated damages; and

$10,000.00 in payroll notice and wage statement penalties, for a total of $183,869.23, plus interest at a rate of $21.52 per day from June 1, 2018 until the date on which a judgment is entered.

Exhibit A is a summary of Plaintiffs' damages described herein, including liquidated damages and interest.

D.  <u>Attorneys' Fees and Costs</u>

Plaintiffs' counsel's time and hourly rates are reasonable and Plaintiffs should be awarded reasonable attorneys' fees and costs in the amounts detailed below and in Exhibits B and C submitted herewith.

Kenneth Katz, the sole member of the Firm, has been a litigator since 2004 and has practiced employment law for nearly seventeen (17) years. Mr. Katz spent 0.60 hours on this matter and his hourly rate is $500.00.

Adam Sackowitz is an associate at the Firm and has focused his practice on employment law for nearly seven (7) years. Mr. Sackowitz spent 22.30 hours on this matter and his hourly rate is $375.00.

Eliseo Cabrera is an associate at the Firm and has focused his practice on employment law for nearly three (3) years. Mr. Cabrera spent 39.60 hours on this matter and his hourly rate is $325.00.

Nicola Ciliotta was an associate at the Firm and focused his practice on employment law for approximately three (3) years before leaving the Firm in November 2021. Mr. Ciliotta spent 5.40 hours on this matter and his hourly rate was $325.00.

Based on the foregoing, Plaintiffs' counsel has collectively spent 67.90 hours on this matter for a total of $23,287.50 in fees based on their respective hourly rates. Plaintiffs have also incurred the following costs related to this action, which should also be awarded to Plaintiffs: filing fees of

$402.00; process server fees of $279.00; and translation fees of $657.20, for a total of $1,338.20.

## CONCLUSION

Based on the foregoing, judgment should be entered in favor of Plaintiffs and against

Defendants in the amounts listed above, plus interest, costs, and reasonable attorneys' fees.

Dated: New York, New York
       March 15, 2022

Respectfully submitted,

KATZ MELINGER PLLC

By:    */s/ Adam Sackowitz*
       Adam Sackowitz
       370 Lexington Avenue, Suite 1512
       New York, New York 10017
       T: (212) 460-0047
       F: (212) 428-6811
       ajsackowitz@katzmelinger.com
       *Attorneys for Plaintiffs*

17