UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
LUIS LUCERO, JOAQUIN COLIN, and JOSE ARGUETA,
individually and on behalf of all others similarly situated,         Civil Action No.
                                                                     1:21-cv-08675

                              Plaintiffs,

                 -against-

SHAKER CONTRACTORS, CORP. and SHER GUL,

                           Defendants.
-----------------------------------------------------------------------------X

# PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE JENNIFER E. WILLIS'S REPORT AND RECOMMENDATIONS

Katz Melinger PLLC
370 Lexington Avenue, Suite 1512
New York, New York 10017
Telephone: (212) 460-0047
Facsimile: (212) 428-6811
*Attorneys for Plaintiffs*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................ 1

ARGUMENT ........................................................................................................................................ 2

I. STANDARD OF REVIEW ........................................................................................................ 2

II. PLAINTIFFS' OBJECTIONS TO THE REPORT ................................................................ 2

   A. Plaintiffs Correctly Calculated Their Damages for Unpaid Overtime Wages ..................... 2

   B. The Report's Finding That Shaker Contractors Had Fewer Than 11 Employees
       in 2019 is Unsupported ............................................................................................................. 4

   C. Plaintiffs Demonstrated Underpayment for the Bounced Checks ....................................... 6

   D. The Court Should Approve Plaintiffs' Counsel's Hourly Rates .......................................... 7

III. CONCLUSION ........................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Cases**

*Campos v. BKUK 3 Corp.*, No. 18-CV-4036 (JGK) (KHP),
　2021 WL 3540243 (S.D.N.Y. Aug. 10, 2021), *report and recommendation adopted*,
　No. 18-CV-4036 (JGK), 2021 WL 3863198 (S.D.N.Y. Aug. 30, 2021),
　and *report and recommendation adopted sub nom.*, *Macancela v. Kukaj*,
　No. 18-CV-7507 (JGK), 2021 WL 3863266 (S.D.N.Y. Aug. 30, 2021) .................................. 6
*Hynes v. Squillace*, 143 F.3d 653 (2d Cir. 1998) ........................................................................... 2
*Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14-CV-10234 (JGK) (JLC),
　2016 WL 4704917 (S.D.N.Y. Sept. 8, 2016), *report and recommendation adopted sub nom.*,
　*Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14-CIV-10234 (JGK),
　2016 WL 6879258 (S.D.N.Y. Nov. 21, 2016) ........................................................................... 4

**Statutes**

28 U.S.C. § 636(b)(1) .................................................................................................................... 2

**Rules**

Fed. R. Civ. P. 72(b)(3).................................................................................................................. 2

**Regulations**

12 N.Y.C.R.R. § 146-1.2 ............................................................................................................... 4
29 C.F.R. § 778.112 ....................................................................................................................... 3

**PRELIMINARY STATEMENT**

Plaintiffs Luis Lucero, Joaquin Colin, and Jose Argueta [1] respectfully submit these objections to Magistrate Judge Jennifer E. Willis's Report & Recommendation dated April 21, 2023 (Dkt. No. 33) (the "Report") regarding Plaintiffs' motion for a default judgment (Dkt. Nos. 17-19) (the "Motion").

Specifically, Plaintiffs object to four findings in the Report.

First, Plaintiffs object to the Report's calculations of Plaintiffs' damages for unpaid overtime wages. Although the Report recommends an award of damages that is significantly greater than those sought under the Motion, Plaintiffs' counsel is duty bound to object to that portion of the Report because it appears that the Court's recommendation is based on an incorrect methodology for calculating Plaintiffs' overtime wages.

Second, Plaintiffs object to the Report's finding that Plaintiffs used the wrong minimum wage rate to calculate Plaintiff Argueta's damages for unpaid spread of hours wages from January 2019 to December 30, 2019. The Report appears to apply a minimum wage rate of $13.50 per hour, the rate for NYC employers with 10 or fewer employees, rather than $15.00 per hour, the rate for NYC employers with 11 or more employees, based solely on uncited "Public Records" that purportedly claim that Shaker Contractors employed only 5 workers in 2022, several years after the end of Plaintiffs' employment.

Third, the Report concluded that Plaintiffs failed to demonstrate that they were underpaid as a result of certain bounced checks issued to them by Defendants. However, in support of the Motion, Plaintiffs each submitted a declaration in which they testified that they were "never paid"

---

[1] Defined terms from Plaintiffs' motion papers are used herein.

1

the amounts reflected in the bounced checks, thereby establishing that they were underpaid by such amounts.

Lastly, based in part on the Report's findings that Plaintiffs' counsel incorrectly calculated Plaintiffs' damages, the Court reduced the billing rates of Plaintiffs' counsel. Should the District Court conclude that Plaintiffs' counsel's calculations were correct, or that any miscalculation of Plaintiffs' damages was not due to the poor quality of Plaintiffs' counsel's representation, the District Court should award Plaintiffs attorneys' fees based on Plaintiffs' counsel's stated hourly rates.

## ARGUMENT

I. **STANDARD OF REVIEW**

In evaluating the Report, this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely and specific objection has been made, the Court must review the contested issues *de novo*. Fed. R. Civ. P. 72(b)(3); *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998). Plaintiffs' objections herein have been timely filed and Plaintiffs respectfully request that the Court conduct a *de novo* review of the issues discussed herein.

II. **PLAINTIFFS' OBJECTIONS TO THE REPORT**

A. **Plaintiffs Correctly Calculated Their Damages for Unpaid Overtime Wages**

Quite simply, the Report incorrectly calculates Plaintiffs' damages for unpaid overtime wages using the full overtime rate (1.5 times Plaintiffs' regular hourly rates of pay) rather than the half-time rate (0.5 times Plaintiffs' regular hourly rates of pay). While the calculations in the Report favor Plaintiffs by recommending damages several multiples greater than those calculated

by Plaintiffs, Plaintiffs and their counsel object to the Report to ensure that Plaintiffs are awarded only the damages to which they are entitled under the law.

As noted in the Report, Plaintiffs were each paid at fixed daily rates, which increased throughout their respective employments. Report pp. 11-14. To determine Plaintiffs' overtime rates, the Report correctly calculates the Plaintiffs' regular hourly rates of pay by dividing Plaintiffs' total weekly compensation by the total number of hours they worked each week and then multiplying the regular hourly rates of pay by 1.5. Report pp. 10-11. However, the Report then erroneously calculates Plaintiffs' damages for unpaid overtime wages based on Plaintiffs' full overtime rates of pay, rather than their half-time rates, with the half-time rate equal to the difference between Plaintiffs' regular hourly rates of pay and their overtime rates of pay (or half of Plaintiffs' regular hourly rates of pay). Report pp. 11-16.

The Report should have used Plaintiffs' half-time rates to calculate Plaintiffs' unpaid overtime wages. Because Plaintiffs' regular hourly rates of pay were calculated by dividing Plaintiffs' total weekly compensation by the total number of hours they worked each week, Plaintiffs' regular hourly rates of pay reflect the rate at which Plaintiffs were paid for all hours worked, including those hours worked over 40 per week. Thus, for the hours Plaintiffs worked over 40 per week, Plaintiffs already received their regular hourly rates of pay and are only owed the difference between their regular hourly rates of pay and their overtime rates of pay (i.e. the half-time rates). *See* 29 C.F.R. § 778.112 ("If the employee is paid a flat sum for a day's work or for doing a particular job … his regular rate is determined by totaling all the sums received at such day rates or job rates in the workweek and dividing by the total hours actually worked. He is then entitled to extra half-time pay at this rate for all hours worked in excess of 40 in the workweek."); *Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14-CV-10234 (JGK) (JLC), 2016 WL 4704917,

at *8 (S.D.N.Y. Sept. 8, 2016), *report and recommendation adopted sub nom.*, *Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14-CIV-10234 (JGK), 2016 WL 6879258 (S.D.N.Y. Nov. 21, 2016) (calculating plaintiff's regular hourly rate of pay at $9.50 per hour and the overtime rate at $14.75 and finding that since the plaintiff "was already paid at a rate of $9.50 for all of the hours that he worked as a cook, Xochimitl is owed an additional $4.75 for each of the ten hours that he worked beyond a 40-hour workweek.").

The Motion correctly calculates Plaintiff's unpaid overtime wages using the half-time rate, and the District Court should reject the methodology in the Report used to calculate Plaintiffs' damages for unpaid overtime wages and adopt the calculations reflected in the Motion.

**B. The Report's Finding That Shaker Contractors Had Fewer Than 11 Employees in 2019 is Unsupported**

The Report opines that Plaintiffs incorrectly applied the minimum wage rate of $15.00 per hour for Plaintiff Argueta's damages for unpaid spread of hours wages for the period of January 2019 to December 30, 2019, rather than the rate of $13.50 per hour.

Plaintiffs agree with the Report that the minimum hourly wage rate for the period of January 2019 through December 30, 2019 was $15.00 per hour for New York City employers with 11 or more employees and $13.50 per hour for New York City employers with 10 or fewer employees. Report p. 17; 12 N.Y.C.R.R. § 146-1.2. However, Plaintiffs object to the Court's conclusion that Shaker Contractors had fewer than 11 employees in 2019, which appears to be based entirely on the following sentence: "According to Public Records, Shaker Contractors had five employees as recently as 2022." Report p. 17.

Plaintiffs object to this determination for two reasons. First, the Report does not cite or otherwise indicate which "Public Records" purportedly demonstrate that Shaker Contractors had only five employees in 2022. Plaintiffs' counsel, which regularly performs public records searches

4

as part of its judgment enforcement practice, is unaware of any public records source that accurately tracks the number of employees employed by a company, particularly a small business, at any given time. While Plaintiffs can only speculate as to the source on which the Report relied, in their experience Plaintiffs' counsel has reviewed dozens of third party websites that contain representations as to the size of various companies and have found that such websites are largely unreliable.

However, even if the source referenced in the Report were accurate, and it could be proven that Shaker Contractors only employed five workers in 2022, such a fact is not determinative of the number of employees Shaker Contractors employed 2 years earlier in 2019. It is certainly conceivable that Shaker Contractors employed 11 or more employees in 2019 and downsized its business between 2019 and 2022, particularly in light of the COVID-19 pandemic and supply chain issues that eliminated millions of jobs across the country, particularly in the construction industry.

While Plaintiffs acknowledge that the Motion does not specifically allege the number of employees who worked for Defendants in 2019, Plaintiffs' allege in the Complaint that Shaker Contractors employed no fewer than thirty (30) similarly situated employees in the six (6) years immediately preceding the Complaint. Plaintiffs believe the Court should find that Shaker Contractors employed 11 or more employees in 2019 based on the inferences in the Complaint and the Motion, particularly as Defendants failed to appear in this action and thereby waived any right to challenge Plaintiffs' assertion. However, should the District Court determine that Plaintiffs failed to establish that Shaker Contractors employed 11 or more employees in 2019, and that therefore the $13.50 minimum wage rate should be used to calculate Plaintiff Argueta's unpaid spread of hours wages in 2019, Plaintiffs respectfully request that the District Court reject the

Report's rationale that such a finding is based on uncited "Public Records" for the year 2022 and the Report's conclusion that Plaintiffs' counsel miscalculated these damages due to attorney incompetence, rather than Plaintiffs' reasonable inference that Defendants employed 11 or more employees in 2019 based on Plaintiffs' allegations.

### C. Plaintiffs Demonstrated Underpayment for the Bounced Checks

Perhaps the most perplexing conclusion drawn in the Report is that Plaintiffs "have not demonstrated any underpayment as a result" of the bounced checks issued to them by Defendants. Report p. 20.

To be clear, Plaintiffs allege that certain checks issued to Plaintiffs by Defendants, which reflected Plaintiffs' wages for work they performed, bounced when Plaintiffs attempted to deposit or cash them, and as a result, Plaintiffs were never compensated for such work. Lucero Decl. ¶¶ 19-21; Colin Decl. ¶¶ 20-22; Argueta Decl. ¶¶ 20-22. Plaintiffs' testimony is clear and is sufficient to demonstrate that Plaintiffs were underpaid by the amounts reflected in the bounced checks.

The only authority cited in the Report related to bounced checks, *Campos v. BKUK 3 Corp.*,[2] is inapposite to Plaintiffs' claims. In *Campos*, the plaintiffs sought damages from the defendants for bank charges and fees the plaintiffs incurred as a result of bounced checks. *Campos*, 2021 WL 3540243, at *10. The Court denied certain plaintiffs' request for such bank charges or fees, finding that some of the plaintiffs failed to submit evidence of the charges and fees they incurred from their banks as a result of the bounced checks. *Id.* Here, by contrast, Plaintiffs do not seek to recover bank charges or fees they incurred as a result of the bounced checks, but rather the wages reflected in the bounced checks that Plaintiffs earned but were never paid. Since Plaintiffs'

---

[2] *Campos v. BKUK 3 Corp.*, No. 18-CV-4036 (JGK) (KHP), 2021 WL 3540243 (S.D.N.Y. Aug. 10, 2021), *report and recommendation adopted*, No. 18-CV-4036 (JGK), 2021 WL 3863198 (S.D.N.Y. Aug. 30, 2021), and *report and recommendation adopted sub nom.*, *Macancela v. Kukaj*, No. 18-CV-7507 (JGK), 2021 WL 3863266 (S.D.N.Y. Aug. 30, 2021).

6

testimony clearly and unequivocally establishes that they were never paid the amounts reflected in the bounced checks, and that such amounts represented wages that Plaintiffs had earned, the Motion accurately and appropriately included such amounts in Plaintiffs' calculations of damages for unpaid wages. The Report's determination that Plaintiffs failed to demonstrate any underpayment as a result of the bounced checks is belied by the record, including Plaintiffs' testimony through their sworn declarations. Therefore, the District Court should reject the Report's finding on this issue and award Plaintiffs damages for unpaid wages based on the amounts of the bounced checks.

### D. The Court Should Approve Plaintiffs' Counsel's Hourly Rates

In assessing the reasonableness of Plaintiffs' counsel's hourly rates, the Report took "issue with the quality of Plaintiffs' [counsel's] representation given their incorrect damages calculations" and claimed that Plaintiffs' counsel miscalculated Plaintiffs' damages awards, including their unpaid overtime wages, liquidated damages,[3] and unpaid wages, as well as spread of hours wages for Plaintiff Argueta. Report pp. 27-28. As discussed herein, Plaintiffs object to those portions of the Report and maintain that Plaintiffs' counsel correctly calculated Plaintiffs' damages for unpaid overtime wages, unpaid wages, and liquidated damages. As to the calculation of Plaintiff Argueta's spread of hours wages for 2019, while Plaintiffs believe that the Court should apply the $15.00 minimum wage rate, Plaintiffs understand that a reasonable fact-finder may conclude that the $13.50 minimum wage rate is more appropriate. Nevertheless, Plaintiffs do not believe that their application of the $15.00 minimum wage rate was unreasonable or in error,

---

[3] The Report claims that "Plaintiff [sic] seeks duplicative liquidated damages under the FLSA and NYLL". Report p. 21. This is simply untrue, and the Report fails to cite anything in the Motion indicating that Plaintiffs seek to recover duplicative liquidated damages. To the contrary, Plaintiffs seek liquidated damages equal to 100% of their unpaid wages as permitted under the FLSA and NYLL. *See* Statement of Damages (Dkt. No. 18); Sackowitz Decl. ¶¶ 21, 25, 29, 32, 37, and 46.

particularly given the allegations in the Complaint. Should the District Court determine that the $13.50 minimum wage rate should have been used to calculate Plaintiff Argueta's unpaid spread of hours wages for 2019, Plaintiffs respectfully request that the District Court also find that Plaintiffs' calculations, based on the $15.00 minimum wage rate, were reasonable under the circumstances and were not the result of poor lawyering that would justify reducing Plaintiffs' counsel's hourly rates, particularly since the difference between the Report's calculations and Plaintiffs' calculations of Plaintiff Argueta's unpaid spread of hours damages is only $312.00.

### III.   CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully object to the above-referenced portions of the Report and request that the Court enter an Order granting Plaintiffs a default judgment against Defendants in the amounts reflected in the Motion.

Dated: New York, New York
May 4, 2023

*/s/ Adam Sackowitz*
Adam Sackowitz
Katz Melinger PLLC
370 Lexington Avenue, Suite 1512
New York, New York 10017
T: (212) 460-0047
F: (212) 428-6811
ajsackowitz@katzmelinger.com
*Attorneys for Plaintiffs*