```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
LUIS LUCERO, et al.,                                        :
                                    Plaintiffs,             :
                                                            :   21 Civ. 8675 (LGS)
                    -against-                               :
                                                            :   ORDER
SHAKER CONTRACTORS, CORP., et al.,                          :
                                    Defendants.             :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, in this action, Plaintiffs Luis Lucero, Joaquin Colin and Jose Argueta sue their employer Shaker Contractors, Corp. ("Shaker Contractors") and its principal Sher Gul, alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). After Defendants failed to appear or otherwise respond to the Complaint, a default judgment was entered in favor of Plaintiffs. The case was then referred to Magistrate Judge Jennifer E. Willis for an inquest on damages. Judge Willis issued a Report and Recommendation (the "Report"), which recommends an award to Plaintiffs of $863,489.32, plus pre- and post-judgment interest, and attorneys' fees and costs of $22,913.20. Plaintiffs filed timely objections to four aspects of the Report.

    WHEREAS, in reviewing a magistrate judge's report and recommendation, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to" by any party. Fed. R. Civ. P. 72(b)(3); *accord Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022). "[W]here no timely objection has been made, a district court need only satisfy itself that

there is no clear error on the face of the record." *Hopson v. Commissioner*, 579 F. Supp. 3d 501, 504 (S.D.N.Y. 2022).

WHEREAS, first, Plaintiffs object to the Report's methodology to calculate their damages for unpaid overtime wages. Under FLSA and NYLL, an employee is entitled to receive 1.5 times their regular rate for any time worked in excess of forty hours in one week. *See* 29 U.S.C. § 207(a)(1); N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2. The Report calculates overtime damages by first calculating Plaintiffs' overtime rate. Because Plaintiffs are paid by the day, the Report determines the hours they worked in total each week and then determines their hourly rate. The Report multiplies this regular hourly rate by 1.5 to determine the overtime hourly rate. The Report then calculates Plaintiffs' unpaid overtime wages by multiplying the overtime hourly rate by the number of hours Plaintiffs worked in excess of forty hours per week. However, Plaintiffs were already paid at their standard hourly rate for these overtime hours. For purposes of damages, Plaintiffs are entitled only to the difference between what they should have been paid and what they were paid. The Report in effect calculates the amount of overtime compensation Plaintiffs were due, from which should be subtracted the amount of compensation they were actually paid for overtime work. A revised table is appended to this order reflecting this calculation, indicating that Plaintiffs are entitled to the following damages for unpaid overtime wages: $17,592.00 (Lucero), $43,670.59 (Colin) and $76,694.23 (Argueta).[1]

---

[1] The amounts for Colin and Argueta exceed those requested by Plaintiffs by $740.83 and $299.61 respectively. For Colin, the difference is due to the treatment of Colin's additional work one Sunday per month from May 2017 until the end of his employment. During that time period, Colin generally worked fifty hours a week total, over six days. Plaintiffs incorporate Colin's once-a-month Sunday work into Colin's damages calculation by treating him as if he worked fifty-two hours each week. Because most months have slightly more than four weeks, this order treats weeks where Colin worked six days and weeks where he performed Sunday work separately, resulting in a slightly different figure. For Argueta, the difference is due to Plaintiffs' omission of Argueta's unpaid overtime wages for the period from January 1 to January 10, 2021.

WHEREAS, second, Plaintiffs object to the minimum wage rate the Report uses to set Argueta's damages for unpaid "spread of hours" wages. Under New York law, an employer must pay an extra hour of compensation "at the basic minimum hourly rate" if an employee's total workday is more than ten hours long. *See* N.Y. Comp. Codes R. & Regs. tit. 12, § 142-3.4. The Report recommends that Argueta be awarded spread of hours damages of $5,988, which includes $2,808.00 for unpaid spread of hours wages on 208 days in 2019 at an hourly rate of $13.50. Plaintiffs object to this hourly rate of $13.50, arguing that the correct minimum hourly rate was $15.00. The number of employees Defendants employed in 2019 determines the minimum wage: if Shaker Contractors had ten or fewer employees, the minimum wage is $13.50 per hour, and if they had eleven or more employees, the minimum wage is $15.00 per hour. *See* N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.2. The Report states, "According to Public Records, Shaker Contractors had five employees as recently as 2022." However, the Complaint brings claims under FLSA on behalf of a collective of Plaintiffs "and similarly situated persons who were employed since the date six . . . years prior to [October 22, 2021]" by Defendants, which consists of "no less than thirty . . . similarly situated current and former employees of Defendants who worked as construction workers." Because Defendants have defaulted, "a court is required to accept all of [Plaintiffs'] factual allegations as true and draw all reasonable inferences in [their] favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *accord Colortree Grp., LLC v. Autotrol Corp.*, No. 22 Civ. 5375, 2023 WL 3901593, at *2 (S.D.N.Y. June 8, 2023). It is reasonable to infer from the allegations in the Complaint that Defendants employed more than eleven employees in 2019, particularly in light of the lack of countervailing evidence in the record. Argueta is awarded $3,120.00 spread of hours damages for 2019,

reflecting an applicable minimum wage of $15.00, for a total of $6,300.00 in spread of hours damages.[2]

WHEREAS, third, Plaintiffs object to the Report's recommendation that damages should not be awarded for wages Plaintiffs were not paid as a result of certain bounced checks. The Report reasons that Plaintiffs have not demonstrated any underpayment as a result. Plaintiffs offer sworn testimony that Defendants issued checks reflecting wages for work performed by Plaintiffs, that those checks bounced when Plaintiffs sought to deposit or cash them and that Plaintiffs were never otherwise compensated for this work. These bounced checks reflected the following amounts per Plaintiff: Lucero $4,000.00; Colin $5,900.00; and Argueta $4,300.00. Plaintiffs are entitled to damages for these sums.

WHEREAS, fourth, Plaintiffs object to the Report's recommended reduction in billing rates for Plaintiffs' counsel. The Report recommends a deduction in the billing rates awarded to counsel because they made errors resulting in incorrect damages calculations. These errors are not so egregious to support a reduction in counsel's hourly rates.

WHEREAS, "[a] district court, in exercising its considerable discretion, should bear in mind all of the case-specific variables . . . relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate. The reasonable hourly rate is the rate a paying client would be willing to pay." *Lilly v. City of New York*, 934 F.3d 222, 230 (2d Cir. 2019).[3] "Courts within the Southern District of New York award fees for rates between $250.00 and $450.00 per hour in FLSA cases, deeming the upper range appropriate for the most experienced FLSA litigators."

---

[2] This amount is greater than Plaintiffs' requested $6,240.00 because Argueta is also entitled to an additional $60 spread of hours damages for four days in January 2021.

[3] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

4

*Lee v. New Kang Suh, Inc.*, No. 17 Civ. 9502, 2023 WL 2024805, at *2 (S.D.N.Y. Feb. 15, 2023); *Ortega v. Matilda Gourmet Deli Inc.*, No. 21 Civ. 10212, 2023 WL 2393921, at *8 (S.D.N.Y. Jan. 19, 2023) (same), *adopted with unrelated modifications by*, 2023 WL 1861279 (S.D.N.Y. Feb. 9, 2023); *Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14 Civ. 10234, 2016 WL 4704917, at *20 (S.D.N.Y. Sept. 8, 2016) (same), *adopted by*, 2016 WL 6879258 (S.D.N.Y. Nov. 21, 2016).

WHEREAS, Kenneth Katz, who has practiced employment law for seventeen years, shall receive fees at a rate of $450.00 per hour, rather than the requested $500.00 per hour, because the relatively straightforward nature of this matter does not support fees higher than the usual rates. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 186 n.3 (2d Cir. 2008) (counseling courts to consider "the novelty and difficulty of the questions" presented and "the level of skill required to perform the legal service properly" in setting billing rates for purposes of fees); *accord Cajero Torres v. Sushi Sushi Holdings Inc.*, No. 19 Civ. 2532, 2022 WL 2788655, at *7 (S.D.N.Y. July 15, 2022). As to the remaining timekeepers, Adam Sackowitz has practiced employment law for nearly seven years. In previous cases, he has been awarded fees at an hourly rate of $300.00. *See Robles v. Luis Furniture #1 Inc.*, No. 20 Civ. 6951, 2021 WL 4974677, at *2 (S.D.N.Y. Oct. 26, 2021); *Santos v. YMY Management Corp.*, No. 20 Civ. 1992, 2021 WL 431451, at *2 (S.D.N.Y. Feb. 8, 2021). Although Mr. Sackowitz's requested rate of $375.00 per hour in this case is higher, the requested rate represents his additional experience since the prior decisions. Mr. Sackowitz will receive fees at a rate of $375.00 per hour. Eliseo Cabrera and Nicola Ciliotta have both practiced employment law for approximately three years. This Court previously approved a rate of $375.00 per hour for Mr. Cabrera in a settlement agreement in a FLSA and NYLL case, reasoning that although his and

5

co-counsel's rates "are on the high end of those approved by Courts in this circuit for counsel of similar experience in similar cases," the circumstances presented in that case -- where the fees were "substantially less than the lodestar calculation and one-third of the settlement" -- justified such an award.  *See Quintanilla v. Arancini Bros.*, No. 22 Civ. 1410, 2022 WL 17325827, at *1 (S.D.N.Y. Nov. 29, 2022).  Mr. Ciliotta has received fees at a rate of $285.00 per hour in FLSA and NYLL litigation.  *See Rosario v. Fresh Smoothies LLC*, No. 20 Civ. 5831, 2021 WL 5847633, at *8 (S.D.N.Y. Dec. 9, 2021) (approving rates for Mr. Ciliotta where he "expended the most time . . . on this case" and noting "[t]his Court has approved hourly rates higher than or similar to this in other FLSA and NYLL cases").  Mr. Cabrera and Mr. Ciliotta, who have similar experience, will receive fees at their requested rate of $325.00 per hour.

WHEREAS, the Report recommends an award of $10,000.00 in damages to each Plaintiff for violations of the NYLL's wage notice and wage statement provisions.  Plaintiffs do not object to this recommendation.  NYLL § 195(1)(a) requires employers to provide employees a wage notice at the outset of their employment, and NYLL § 195(3) requires employers to provide employees with a wage statement each time employees are paid.  *See also* NYLL § 198(1-b), § 198(1-d) (setting financial penalties of up to $5,000.00 for each category of violation).  The Report concludes that Plaintiffs are entitled to damages under these provisions.  However, in *TransUnion LLC v. Ramirez*, the Supreme Court held, "Only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court."  141 S. Ct. 2190, 2205 (2021); *accord Maddox v. Bank of N.Y. Mellon Tr. Co.*, 19 F.4th 58, 64 (2d Cir. 2021).  Courts in this District have applied *TransUnion* to find plaintiffs lack standing to bring claims under the NYLL's wage notice and wage statement provisions when those plaintiffs do not make specific allegations of concrete

injuries they suffered as a result of their employers' failure to provide required wage records. *Compare, e.g.*, *Kuan v. Notoriety Grp. LLC*, No. 22 Civ. 1583, 2023 WL 3937317, at *9-10 (S.D.N.Y May 22, 2023) (dismissing wage notice and wage statement claims for lack of standing when no specific injury-in-fact was pleaded), *adopted by*, 2023 WL 3936749 (S.D.N.Y. June 9, 2023); *Ramirez v. Urion Construction LLC*, No. 22 Civ. 3342, 2023 WL 3570639, at *8-9 (S.D.N.Y. May 19, 2023) (same), *with Metcalf v. TransPerfect Translations Int'l, Inc.*, No. 19 Civ. 10104, 2023 WL 2674743, at *4-7 (S.D.N.Y. Mar. 29, 2023) (denying motion to dismiss when the plaintiffs made factual allegations of harm as a result of the failure to provide wage statements); *and Mateer v. Peloton Interactive, Inc.*, No. 22 Civ. 740, 2022 WL 2751871, at *2 (S.D.N.Y. July 14, 2022) (same). Plaintiffs have alleged no concrete harm that they suffered due to Defendants' failure to provide them wage records. Therefore, these claims must be dismissed and no damages awarded for any violations of NYLL § 195(1)(a) and § 195(3).

WHEREAS, upon review of the remainder of the Report to which there is no objection -- including recommendations as to Plaintiffs' entitlement to an award of liquidated damages equal to all unpaid wages, the amount of time for which Plaintiffs' counsel should be compensated for purposes of fees, the amount of costs, an award of pre-judgment interest, the dates from which pre-judgment interest should accrue and a grant of an additional 15% as a penalty should the judgment remain unpaid after ninety days[4] -- the Court finds no clear error. It is hereby

**ORDERED** that the Report is **ADOPTED** with the following modifications: Plaintiffs shall recover a total of $346,913.64, reflecting $137,956.82 in unpaid overtime wages, $6,300.00

---

[4] NYLL § 198(4) provides, "Any judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, . . . the total amount of judgment shall automatically increase by fifteen percent." This penalty is distinct from the mandatory award of post-judgment interest on any civil judgment issued by a federal court under 28 U.S.C. § 1961.

in unpaid spread of hours wages, $14,200.00 in unpaid wages caused by Defendants' bounced checks and $158,456.82 in liquidated damages.  Plaintiffs are further entitled to pre-judgment interest at a rate of 9%.  Pre-judgment interest shall accrue from the midpoint date of each Plaintiff's employment as determined by the Report -- August 12, 2017, for Lucero, April 27, 2018, for Colin and June 1, 2018, for Argueta -- to the date of judgment.  If the judgment remains unpaid after ninety days, Plaintiffs shall be entitled to receive an additional 15% as a penalty.  Plaintiffs' counsel shall recover fees and costs of $24,595.70, as reflected in the table appended to this order.

      The Clerk of the Court is respectfully directed to enter judgment in favor of Plaintiffs in the amount of $346,913.64, plus pre-judgment interest, and to terminate the case.

Dated: July 26, 2023
       New York, New York

*[signature]*
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

**Plaintiffs' Unpaid Overtime Wages**

### Plaintiff Luis Lucero

|  | Weeks in Pay Period | Daily Wage | Weekly Pay | Hours Worked per Week | Hourly Rate | Overtime Wage | Overtime Hours per Week | Lawful Weekly Pay | Under-payment | Total Damages |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/22/15 - 12/31/15 | 10 | $140.00 | $840.00 | 50 | $16.80 | $25.20 | 10 | $924.00 | $84.00 | $840.00 |
| 1/1/16 - 12/31/16 | 52 | $147.50 | $885.00 | 50 | $17.70 | $26.55 | 10 | $973.50 | $88.50 | $4,602.00 |
| 1/1/17 - 12/31/17 | 52 | $155.00 | $930.00 | 50 | $18.60 | $27.90 | 10 | $1,023.00 | $93.00 | $4,836.00 |
| 1/1/18 - 12/31/18 | 52 | $162.50 | $975.00 | 50 | $19.50 | $29.25 | 10 | $1,072.50 | $97.50 | $5,070.00 |
| 1/1/19 - 6/3/19 | 22 | $170.00 | $1,020.00 | 50 | $20.40 | $30.60 | 10 | $1,122.00 | $102.00 | $2,244.00 |
|  |  |  |  |  |  |  |  |  |  | $17,592.00 |

### Plaintiff Joaquin Colin

|  | Weeks in Pay Period | Daily Wage | Weekly Pay | Hours Worked per Week | Hourly Rate | Overtime Wage | Overtime Hours per Week | Lawful Weekly Pay | Under-payment | Total Damages |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/22/15 - 12/31/15 | 10 | $200.00 | $1,400.00 | 58 | $24.14 | $36.21 | 18 | $1,617.24 | $217.24 | $2,172.41 |
| 1/1/16 - 12/31/16 | 52 | $200.00 | $1,400.00 | 58 | $24.14 | $36.21 | 18 | $1,617.24 | $217.24 | $11,296.55 |
| 1/1/17 - 4/30/17 | 17 | $200.00 | $1,400.00 | 58 | $24.14 | $36.21 | 18 | $1,617.24 | $217.24 | $3,693.10 |
| 5/1/17 - 12/31/17 | 27 | $200.00 | $1,200.00 | 50 | $24.00 | $36.00 | 10 | $1,320.00 | $120.00 | $3,240.00 |
| 5/1/17 - 12/31/17 (Sunday work one time per month) | 8 | $200.00 | $1,400.00 | 58 | $24.14 | $36.21 | 18 | $1,617.24 | $217.24 | $1,737.93 |
| 1/1/18 - 12/31/18 | 40 | $200.00 | $1,200.00 | 50 | $24.00 | $36.00 | 10 | $1,320.00 | $120.00 | $4,800.00 |
| 1/1/18 - 12/31/18 (Sunday work) | 12 | $200.00 | $1,400.00 | 58 | $24.14 | $36.21 | 18 | $1,617.24 | $217.24 | $2,606.90 |
| 1/1/19 - 3/31/19 | 10 | $200.00 | $1,200.00 | 50 | $24.00 | $36.00 | 10 | $1,320.00 | $120.00 | $1,200.00 |
| 1/1/19 - 3/31/19 (Sunday work) | 3 | $200.00 | $1,400.00 | 58 | $24.14 | $36.21 | 18 | $1,617.24 | $217.24 | $651.72 |
| 4/1/19 - 12/31/19 | 30 | $210.00 | $1,260.00 | 50 | $25.20 | $37.80 | 10 | $1,386.00 | $126.00 | $3,780.00 |
| 4/1/19 - 12/31/19 (Sunday work) | 9 | $210.00 | $1,470.00 | 58 | $25.34 | $38.02 | 18 | $1,698.10 | $228.10 | $2,052.93 |
| 1/1/20 - 10/31/20 | 33 | $210.00 | $1,260.00 | 50 | $25.20 | $37.80 | 10 | $1,386.00 | $126.00 | $4,158.00 |
| 1/1/20 - 10/31/20 (Sunday work) | 10 | $210.00 | $1,470.00 | 58 | $25.34 | $38.02 | 18 | $1,698.10 | $228.10 | $2,281.03 |
|  |  |  |  |  |  |  |  |  |  | $43,670.59 |

**Plaintiff Jose Argueta**

| | Weeks in Pay Period | Daily Wage | Weekly Pay | Hours Worked per Week | Hourly Rate | Overtime Wage | Overtime Hours per Week | Lawful Weekly Pay | Under-payment | Total Damages |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/22/15 - 12/31/15 | 10 | $140.00 | $1,020.00 | 78 | $13.08 | $19.62 | 38 | $1,268.46 | $248.46 | $2,484.62 |
| 1/1/16 - 12/31/16 | 52 | $147.50 | $1,072.50 | 78 | $13.75 | $20.63 | 38 | $1,333.75 | $261.25 | $13,585.00 |
| 1/1/17 - 12/31/17 | 52 | $155.00 | $1,125.00 | 78 | $14.42 | $21.63 | 38 | $1,399.04 | $274.04 | $14,250.00 |
| 1/1/18 - 12/31/18 | 52 | $162.50 | $1,177.50 | 78 | $15.10 | $22.64 | 38 | $1,464.33 | $286.83 | $14,915.00 |
| 1/1/19 - 12/31/19 | 52 | $170.00 | $1,230.00 | 78 | $15.77 | $23.65 | 38 | $1,529.62 | $299.62 | $15,580.00 |
| 1/1/20 - 12/31/20 | 52 | $170.00 | $1,230.00 | 78 | $15.77 | $23.65 | 38 | $1,529.62 | $299.62 | $15,580.00 |
| 1/1/21 - 1/10/21 | 1 | $170.00 | $1,230.00 | 78 | $15.77 | $23.65 | 38 | $1,529.62 | $299.62 | $299.62 |
| | | | | | | | | | | $76,694.23 |

## Fees and Costs

**Attorneys' Fees and Costs**

| | Hours | Rate | Fees |
|---|---|---|---|
| Katz | 0.6 | $450.00 | $270.00 |
| Sackowitz | 22.3 | $375.00 | $8,362.50 |
| Cabrera | 39.6 | $325.00 | $12,870.00 |
| Ciliotta | 5.4 | $325.00 | $1,755.00 |
| | | **Subtotal** | **$23,257.50** |
| | | Costs | $1,338.20 |
| | | **Total** | **$24,595.70** |